UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1733 AG (JCGx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | CITY OF STANTON v. GREEN TREE REMEDY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:    [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEY FEES**

Defendants Green Tree Remedy and V.I.P. Management LLC removed this lawsuit from state court. (*See* Dkt. No. 1.) Plaintiff City of Stanton asserted three claims against Defendants for public nuisance and health and safety code violations under California state law, Stanton ordinances, and Stanton municipal code sections. (*See* Dkt. No. 1-1 at 1.) Plaintiff also mentions a federal statute once in its complaint. (*See id.* at 3:23.) Based on that one reference, Defendants argued that this case presents a question of federal law.

Plaintiff filed (1) a motion asking the Court to remand the case and award Plaintiff attorney fees for its work in filing the motion to remand ("Motion") and (2) a related request for judicial notice ("RJN"). (*See* Dkt. Nos. 11, 12.) Defendants have not filed any opposition.

The Court GRANTS the Motion and awards $5000 in attorney fees.

# 1. REQUEST FOR JUDICIAL NOTICE

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes undisputed matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1733 AG (JCGx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | CITY OF STANTON v. GREEN TREE REMEDY ET AL. | | |

Plaintiff asks the Court to take judicial notice of three documents: (1) the underlying state court complaint in this case; (2) an ex parte application filed in the state court proceeding before this case was removed; and (3) a copy of the online docket in the underlying state court case. (*See* Dkt. No. 12 at 2:5–14.) The state court complaint was already filed in this case as an exhibit to the notice of removal, and doesn't need to be judicially noticed. (*See* Dkt. No. 1-1.) The Court finds that the ex parte application and the copy of the online docket are appropriate for judicial notice. Defendants have not argued otherwise.

## 2. ANALYSIS

Parties have to file an opposition or a statement of non-opposition at least 21 days before a motion is going to be heard. *See* L.R. 7-9. Failure to file a required paper on time can constitute consent to the granting or denial of a motion. *See* L.R. 7-12. So Defendants' failure to oppose the Motion is enough to justify granting it. The Court doesn't have to go any further in its analysis. But there are also substantive reasons to grant the Motion.

### 2.1 Subject Matter Jurisdiction

Subject matter jurisdiction is sacred. The Constitution confines the power of federal courts, and federal courts are in turn tasked with policing their own exercise of power. *See* U.S. Const. art. III, § 2; Fed. R. Civ. P. 12(h)(3). Courts take this duty seriously and guard their limited jurisdiction jealously. *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014). They assume that cases are outside of their power to rule, and require parties to prove otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When dealing with removal statutes, they strictly construe those statutes against removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

Against that legal backdrop, Defendants' showing is basically nonexistent. As noted, they haven't even tried to oppose this Motion. And their argument in their two page notice of removal is three sentences long.

> This action is a civil action and is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(a) in that the Plaintiff relies upon and cites specifically 21 U.S.C. § 801, *et seq.* as a basis for each and every cause of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1733 AG (JCGx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | CITY OF STANTON v. GREEN TREE REMEDY ET AL. | | |

action. At paragraph 10 of the complaint, in a section titled "FACTS COMMON TO ALL CAUSES OF ACTION," the Plaintiffs cite 21 U.S.C. § 841(a)(1) as a basis for taking action against the Defendants. In each state cause of action, the Plaintiffs incorporate and re-allege paragraph 10 of the Complaint and repeat claims of federal illegality as a basis for their actions taken against Defendants.

(Dkt. No. 1 at 2:7–14.) Plaintiff alleges violations of California state law, city ordinances, and city municipal code sections. (*See* Dkt. No. 1-1 at 1.) Plaintiff's one mention of a federal law doesn't transform those issues into questions of federal law, as Defendant says it does. *See Hedges v. Legal Servs. Corp.*, 663 F. Supp. 300, 301 (N.D. Cal. 1987) (quoting *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986) ("Generally, an action 'arises under' federal law only if 'federal law creates the cause of action.'") Any argument to the contrary seems absurd.

So why did Defendants remove? Plaintiff argues that Defendants' removal was just a delay tactic to avoid a ruling on a motion Plaintiff filed in state court. (*See* Dkt. No. 18–20.) It sure looks that way. Plaintiff filed an ex parte application in state court seeking a temporary restraining order and order to show cause regarding a preliminary injunction. (*See* Dkt. No. 12 at 17–26.) The day of the ex parte hearing, Defendants filed their notice of removal. (*See id.* at 28.) Plaintiff's counsel represents (under penalty of perjury) that the state court judge accordingly didn't rule on the ex parte application. (*See* Dkt. No. 11-2 at 16–18.) Plaintiff's counsel also represents (again, under penalty of perjury) that Defendants didn't meaningfully participate in the meet-and-confer process leading up to the filing of this Motion. (*See id.* at 2:19–26, Ex. 2.) And now, Defendants haven't opposed this important Motion in writing, and failed to appear at the hearing. Defendants seem to have disappeared from this litigation.

    **2.2 Attorney Fees**

An order remanding a case to state court can require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). "Absent unusual circumstances" courts can award attorney fees on remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005). This test "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1733 AG (JCGx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | CITY OF STANTON v. GREEN TREE REMEDY ET AL. | | |

An attorney fees award is appropriate here. As discussed in Section 2.1, Defendants' removal appears motivated by a desire to delay, and not by any objectively reasonable basis for removal. Defendants certainly haven't disputed this.

Plaintiff's counsel states that Plaintiff incurred $4,641.30 in attorney fees up through the filing of the Motion. (*See* Dkt. No. 11-2 at 2:27–28.) Plaintiff's counsel also states that her rate is $243 an hour, which is reasonable given Plaintiff's counsel's 16 years of litigation experience. (*See id.* at 3:2–3.) That works out to roughly 19 hours of work preparing for and finalizing the Motion. The Court finds these figures reasonable and just in the context of this case.

Plaintiff's counsel also asserts that Plaintiff would incur an additional $1,944 in attorney fees preparing a reply brief and appearing at the hearing on this Motion. Plaintiff (justifiably) hasn't filed a reply brief, and given Defendants' failure to oppose the Motion, there should be minimal preparation for the hearing. But Plaintiff's counsel must still travel to and appear at the hearing. Accordingly, the Court cuts the $1,944 down to $358.70, equivalent to approximately an hour and a half of work billed at Plaintiff's counsel's rate.

Totaling the $4,641.30 in fees incurred in preparing the Motion and the $358.70 incurred following the Motion, the Court finds that an attorney fees award of $5000 is reasonable and just here.

### 3. DISPOSITION

The Court GRANTS the Motion and awards $5000 in attorney fees.

:    0

Initials of
Preparer        lmb